LAW OFFICES OF MIKEL D. BRYAN, P.C.
MIKEL D. BRYAN ( SBN 84010)
550 Doyle Park Drive
Santa Rosa, California 95405
(707) 528-1231
Fax: (707) 528-3143

Attorney for Defendant
B & B Management Group, LLC,
dba Bellach's Leather for Living

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SUSAN SANDELMAN, AS TRUSTEE OF THE ESAN TRUST,<br><br>Plaintiff,<br><br>v.<br><br>B&B PROPERTY MANAGEMENT, LLC, dba BELLACH'S LEATHER FOR LIVING,<br><br>Defendant.<br>_____/ | No. C08 00681 HRL<br><br>DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO STAY ACTION PENDING ARBITRATION<br><br>Complaint Filed: January 29, 2008<br><br>Date: April 29, 2008<br>Time: 10:00 a.m.<br>Courtroom: Honorable Howard R. Lloyd |

The defendant, B & B Management Group, LLC, dba Bellach's Leather for Living, erroneously sued herein as B & B Property Management, LLC, dba Bellach's Leather for Living ("the moving party"), by and through its attorney of record, Mikel D. Bryan, P.C., submits the following Memorandum of Points in Support of its Motion to Stay Action Pending Arbitration:

## I. LEGAL ARGUMENT

A party to an action pending in the Federal Court may seek a stay of the action pending arbitration of one or more of the issues raised in the litigation. See 9 USC §3; Wagner v. Stratton Oakmont, Inc. (9th Cir. 1996) 83 F3d 1046, 1048. The moving party for purposes of this motion concedes that this Court has subject matter jurisdiction under 28 U.S.C.§ 1332(a)(1) to decide the present motion. See Southland Corp. v. Keating (1984) 456 US 1, 15, 104 S.Ct. 852, 861, fn.9. The Plaintiff is a resident of the State of Florida; a Trust has the citizenship of its trustee or trustees. See Johnson v. Columbia Properties Anchorage, LP (9th Cir. 2006) 437B F3d 894, 899.

Page 1

Memorandum of Points and Authorities in Support of Defendant's Motion for Stay

1  The moving party is a California limited liability company; the citizenship of an LLC is the
2  citizenship of its members. See Johnson, supra, at 899. The only members of the moving party
3  are residents of the State of California. See the Declaration of Jerome Bellach filed concurrently
4  herewith. The amount in controversy exceeds $75,000, under 28 USC §133. See the Complaint
5  prayer; Hunt v. Washington State Apple Advertizing Commission (1977) 432 US 333, 347-348,
6  97 S.Ct. 2434, 2443-2444. Having subject matter of the case, the Court has ancillary jurisdiction
7  to enforce an arbitration agreement and compel arbitration while staying the action filed. See
8  Drexel, Burnham, Lambert, Inc. v. Valenzuela Bock (SD NY 1988) 696 F.Supp.957, 959.

**A.   MOTIONS TO STAY PENDING ARBITRATION:**

A motion to stay an action pending arbitration is made and heard by the Court in the same manner provided for the making and hearing of motions in general. See 9 USC §6.

**B.   DETERMINATION OF THE MOTION IN GENERAL:**

At the hearing on the motion to stay the action pending arbitration, the Court must decide:

(1) whether there is an arbitration agreement;

(2) whether the arbitration agreement covers the dispute in the pending case;

(3) whether the party seeking arbitration has waived or otherwise lost its right to seek arbitration; and

(4) if some but not all of the claims are arbitratable, whether to stay the remainder of the action pending arbitration.

See 9 USC §3; Shearson Lehman Hutton, Inc. v Wagoner (2nd Cir. 1991) 944 F2d 114, 121; Stout v. J.D. Byrider (6th Cir. 2000) 228 F3d 709, 714.

> "If the issues in the case are within the reach of the agreement, the district court has no discretion under Section 3 to deny the stay."

Hornbeck Offshore (1984) Corp. v. Coastal Carriers Corp. (5th Cir. 1993) 981 F2d 752, 754; Alexander v. Anthony International, L.P. (3rd Cir.2003) 341 F3d 256, 263.

**(1): THERE IS AN ARBITRATION PROVISION:**

Under the terms of the written Commercial Loan Note Secured by Deed of Trust ["the Note" (Exhibit "A" to the Plaintiff's Complaint)], it is specifically provided that if the mediation provided in the Note is not used or does not result in a settlement of any controversy or claim

Memorandum of Points and Authorities in Support of Defendant's Motion for Stay

between the parties:

> "Any controversy or claim between or among the parties, their agents, employees and affiliates, including but not limited to those arising out of or relating to this Note, or any related agreements or Instruments...including, without limitation any claim based on or arising from an alleged tort...the dispute shall be determined by arbitration in accordance with the rules of either JAMS [Judicial Arbitration and Mediation Services, Inc.] or AAA [the American Arbitration Association] (at the option of the party initiating the arbitration)..." **(Clarification added; see brackets.)**

See Paragraph entitled "DISPUTE RESOLUTION: (a) Mandatory Mediation/Arbitration on, page 2 of the Note. The Plaintiff has admitted that she is a successor in interest to Apria Healthcare, the original beneficiary of the Note and Leasehold Deed of Trust. See Paragraph 10 of the Plaintiff's complaint. As a successor in interest, the Plaintiff has the same rights and obligations as those of the original contracting party, no more and no less, with limited exceptions, which are not applicable in the instant case.

**(2) AND (4): THE ARBITRATION PROVISION COVERS THE DISPUTE AND ALL OF THE DISPUTES IN THIS CASE:**

In the instant case, the Plaintiff's complaint alleges Four (4) Claims for Relief, each of which essentially arises out a written Commercial Loan Note Secured by Deed of Trust ["the Note" (Exhibit "A" to the Plaintiff's complaint)] which Note is secured by a Leasehold Deed, Assignment of Rents, Security Agreement and Financing Statement (Fixture Filing) [Exhibit "B" to the Plaintiff's complaint].

In the instant case, the Plaintiff seeks monetary damages against the moving party, alleging that the moving party is in breach of the terms of the Note (First Claim for Relief). The Plaintiff further seeks, in its Third Claim for Relief, judicial foreclosure of the secured leasehold interest of the moving party at 4675 Stevens Creek Blvd., Santa Clara, California, ("the leasehold interest"). The Plaintiff also seeks to take possession of and sell the moving party's fixtures, attached to its leasehold interest, under her Fourth Claim of Relief. All of the foregoing claims arise out of the Note and enforcement of the obligations thereunder. While the Plaintiff has also alleged a "Common Count" for money lent against the moving party, the alleged money lent is the same money identified under the Note obligation. Thus, that claim too, essentially arises out

of the Note and its enforcement. Based upon the Claims for Relief presented, all claims are subject to the mandatory provisions for arbitration under the Note provisions cited above.

Any party resisting arbitration bears the burden of proving that the claims at issue are unsuitable for arbitration. See <u>Green Tree Financial Corp.-Alabama v. Randolph</u> (2000) 531 US 79, 91; 121 S.Ct. 513, 522. The Plaintiff, thus must bear the burden of proving that her claims in the instant case are not covered by the arbitration provision, or she must deny unequivocally that there is no such agreement and produce some evidence to support those claims. See <u>Doctor's Associates, Inc. v Jabush</u> (2nd Cir. 1996) 89 F3d 109, 114. Any doubts concerning the scope of the arbitrable issues are usually resolved in favor of arbitration. See <u>Howsam v. Dean Witter Reynolds, Inc.</u> (2002) 537 US 79, 84; 123 S.Ct. 588.

**(3): THE MOVING PARTY HAS NOT WAIVED ITS RIGHT TO ARBITRATION:**

Because there is a strong policy favoring arbitration, any party asserting defenses to the right to contractual arbitration, including a claim of waiver, delay, or like defense, any doubt related thereto must be resolved in favor or arbitration and against the party claiming any such defense. See <u>Moses H. Cone Memorial Hospital v. Mercury Construction Corp.</u> (1983) 460 US 1, 24, 103 S. Ct. 927, 941-942. Courts should defer to the arbitrator for any procedural issues, including time limits, notices, laches, estoppel, and other conditions precedent to an obligation to arbitrate. See <u>Howsam v Dean Witter Reynolds, Inc.</u>, supra, 537 US at 85, 123 S.Ct. at 592.

In the instant case, the moving party has not elected to waive any arbitration of any claims arising out of the Note. The moving party has never been asked, let alone refused, to arbitrate the claims of the Plaintiff, as set forth in the present action. See the declaration of Jerome Bellach, the managing member of the moving party, submitted herewith.

//
//
//
//
//

Memorandum of Points and Authorities in Support of Defendant's Motion for Stay

## II. CONCLUSION

Based upon the applicable law set forth above, and the facts in this case, the moving party is entitled to have the claims of this case arbitrated, as provided under the terms of the written Commercial Note. Wherefore, the moving party prays for an order staying any proceedings in the instant case pending arbitration of the claims set forth therein.

Respectfully submitted,

Dated: April 4, 2008

LAW OFFICES OF MIKEL D. BRYAN, P.C.

By: /s/ MDB
MIKEL D. BRYAN
Attorney for Defendant and Moving Party,
B & B Management Group, LLC, dba Bellach's Leather for Living

Memorandum of Points and Authorities in Support of Defendant's Motion for Stay