LAW OFFICES OF MIKEL D. BRYAN, P.C.
MIKEL D. BRYAN ( SBN 84010)
550 Doyle Park Drive
Santa Rosa, California 95405
(707) 528-1231
Fax: (707) 528-3143

Attorney for Defendant
B & B Management Group, LLC,
dba Bellach's Leather for Living

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SUSAN SANDELMAN, AS TRUSTEE OF THE ESAN TRUST,<br><br>Plaintiff,<br><br>v.<br><br>B&B PROPERTY MANAGEMENT, LLC, dba BELLACH'S LEATHER FOR LIVING,<br><br>Defendant.<br>_____ / | No. C08 00681 HRL<br><br>DECLARATION OF JEROME BELLACH IN SUPPORT OF DEFENDANT'S MOTION TO STAY ACTION PENDING ARBITRATION<br><br>Complaint Filed: January 29, 2008<br><br>Date:  April 29, 2008<br>Time:  10:00 a.m.<br>Courtroom: Honorable Howard R. Lloyd |

I, Jerome Bellach, declare that:

1.   I am the managing member of the defendant, B & B Management Group, LLC, a California limited liability company ("the LLC") doing business as Bellach's Leather for Living. All of the members of the LLC are residents of the State of California.

2.   The Articles of Organization for the LLC were filed on January 4, 1999.  To the best of my knowledge and information, the LLC is presently in good standing with the State of California.

3.   I am informed and believe that the Plaintiff, Susan Sandelman, as Trustee of the Esan Trust is a resident of the State of Florida.

4.   On or about June 30, 2000, the LLC became a tenant in the real property commonly known as 4695 Stevens Creek Blvd., Santa Clara, California, under an Assignment of Lease and Assumption agreement ("the Assignment") entered into with Apria Healthcare

Page 1

Declaration of Jerome Bellach in Support of Defendant's Motion to Stay Action

("Apria"). In connection with the Assignment, the LLC entered into a written Commercial Loan Note Secured by Deed of Trust ("the Note"). A copy of the Note is attached hereto as Exhibit "A", and is incorporated herein by that reference.

5. Under the provisions of the Note, it is provided that any controversy or claim arising among the parties to that Note, including any claim based on or arising from an alleged tort, are to be decided first by mediation. However, in the event the mediation is not successful, or neither party demands mediation, the controversy or claim is to be decided my arbitration, before either JAMS (Judicial Arbitration and Mediation Services) or AAA (the American Arbitration Association), at the option of the party initiating the arbitration. See the Note provisions at page 2, entitled **"DISPUTE RESOLUTION (a) Mandatory Mediation/Arbitration."**

6. Claims have arisen, under the terms of that Note, as more fully set forth in the Complaint on file herein. Under the provisions of the Note, the LLC elects to have any such claims arbitrated under the contractual terms of the Note. At no time, have I as the managing member of the LLC, ever waived any such arbitration right. I have never been asked, let alone refused, to arbitrate the claims of the Plaintiff, as set forth in the present action.

7. On behalf of the LLC, I have filed the instant motion to compel the Plaintiff to arbitrate any and all claims she may have under the Note, and its accompanying security documents.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 4th day of April, 2008.

B & B MANAGEMENT GROUP, LLC

JEROME BELLACH,
Managing Member

Declaration of Jerome Bellach in Support of Defendant's Motion to Stay Action

COMMERCIAL LOAN NOTE SECURED BY DEED OF TRUST

$690,000.00                         Santa Clara, California                         June 30, 2000

       For good and valid consideration, B&B MANAGEMENT GROUP, LLC, a California limited liability company ("Borrower"), hereby promises to pay to the order of APRIA HEALTHCARE, INC., a Delaware corporation ("Lender") at its office at 3560 Hyland Avenue, Costa Mesa, California 92626, or at such other place as Lender may designate in writing, in lawful money of the United States of America, the principal sum of SIX HUNDRED NINETY THOUSAND DOLLARS ($690,000.00), together with interest on the principal balance from time to time outstanding hereunder from the date hereof until maturity, whether scheduled or accelerated, at a fixed rate per annum of Nine Percent (9%). This promissory note is secured by a deed of trust of even date herewith entered into by Borrower, as trustor, for the benefit of Lender, as beneficiary (the "Deed of Trust").

       The principal balance hereof shall not bear interest from the date hereof until July 5, 2000. Interest for the period commencing on July 5, 2000 and ending on September 30, 2000 shall (i) be added to the principal balance of this Note on October 1, 2000, and (ii) bear interest from October 1, 2000 until final payment thereof at Maturity or earlier as herein provided. Commencing October 1, 2000 and ending September 1, 2007, principal and interest shall be payable hereunder by Borrower to Lender in consecutive monthly installments, each in the amount of $8,740.63 due on the first day of each consecutive calendar month.

       The entire unpaid principal balance hereof, together with all accrued and unpaid interest thereon, shall be finally due and payable on September 1, 2007 (the "Maturity Date").

       Principal, interest, and all other sums owed Lender under this Note or any Loan Document (as defined below) shall be evidenced by entries in records maintained by Lender for such purpose. Each payment on and any other credits with respect to principal, interest and all other sums outstanding under this Note or any Loan Document shall be evidenced by entries in such records. Lender's records shall be conclusive evidence thereof.

       The principal balance from time to time outstanding under this Note may be prepaid in whole or in part at any time and from time to time without premium or penalty provided that Borrower shall first have provided Lender with thirty (30) days prior written notice of its intention to do so and shall designate such payment as a prepayment at the time it is made. All prepayments shall be applied first to the payment of accrued and unpaid interest and then to the payment of principal in the inverse order of its maturity.

       Notwithstanding the rights given to Borrower pursuant to California Civil Code sections 1479 and 2822 or equivalent provisions in the laws of the state specified in the governing law clause of this document (and any amendments or successors thereto), to designate how payments will be applied, Borrower hereby waives such rights. With respect to involuntary payments, Lender shall have the right, in the reasonable exercise of its discretion, to determine the order and method of the application of payments to this and/or any other credit facilities that may be provided by Lender to Borrower and to revise such application prospectively or retroactively at its discretion.

       Any past due payments of principal, and to the extent permitted by law, interest on this Note shall bear interest from their respective maturities, whether scheduled or accelerated, at a fixed rate per annum at all times equal to Twelve Percent (12%), whether before or after demand, judgment or commencement of a bankruptcy case by Borrower, with such interest to be payable from time to time on demand.

       Interest and fees shall be calculated on the basis of actual days elapsed in a 365-day year (366 days in a leap year). In no event shall Borrower be obligated to pay interest at a rate in excess of the highest rate permitted by applicable law from time to time in effect.

       The occurrence of any of the following shall, at Lender's option, (1) make all sums of interest, principal and any other amounts owing under any Loan Documents immediately due and payable without notice of default (other than notice specifically provided for herein or in the Deed of Trust), intention to accelerate, acceleration, presentment or demand for payment, protest or notice of nonpayment or dishonor or any other notices or demands; and (2) give Lender the right to exercise any other right or remedy provided by contract or applicable law:

       (a)    Borrower shall fail to make any payment of principal or interest when due under this Note or to pay any fees or other charges when due under any Loan Document (defined below) and such failure shall continue for a period of ten (10) days following the delivery of written notice thereof by or on behalf of Lender to Borrower.

       (b)    Borrower or any other Person shall fail to perform any other obligation under this Note or any contract, instrument, addendum or document evidencing, securing or executed in connection with the indebtedness evidenced by this Note (including this Note, each a "Loan Document") and such failure shall continue for a period of thirty (30) days following the delivery of written notice thereof by or on behalf of Lender to Borrower.

(c) Any representation or warranty made, or financial statement, certificate or other document provided, by Borrower or any guarantor ("Guarantor") of obligations of Borrower to Lender ("Obligations") shall prove to have been false or misleading.

(d) Borrower or any Guarantor shall fail to pay its debts generally as they become due or shall file any petition or action for relief under any bankruptcy, insolvency, reorganization, moratorium, creditor composition law, or any other law for the relief of or relating to debtors; an involuntary petition shall be filed under any bankruptcy law against Borrower or any Guarantor, or a custodian, receiver, trustee, assignee for the benefit of creditors, or other similar official, shall be appointed to take possession, custody or control of the properties of Borrower or any Guarantor; or the death, incapacity, dissolution or termination of the business of Borrower or any Guarantor.

Any notice required or permitted hereunder shall be given in writing and shall be deemed sufficiently given if delivered in accordance with the provisions for notice set forth in the Deed of Trust. Lender has the right at its sole option to continue to accept interest and/or principal payments due under the Loan Documents after default, and such acceptance shall not constitute a waiver of said default or an extension of the maturity date unless Lender agrees otherwise in writing.

LIMITATION ON RECOURSE

Subject to the last sentence of this paragraph, Borrower shall be liable upon the indebtedness evidenced by this Note, all sums to accrue or become payable hereon, all amounts covenanted to be paid by Borrower under any instrument securing payment of this Note and all of the covenants and agreements of Borrower under any instrument securing payment of this Note to the full extent (but only to the extent) of all of the property which constitutes security for the payment of this Note (collectively, the "Property"). If default occurs in the timely and proper payment of all or any portion of such indebtedness, sums or amounts, or in the timely performance of any of such covenants, any judicial proceedings brought by Lender against Borrower shall be limited to the preservation, enforcement and foreclosure of the liens, mortgages, assignments, rights and security interests now or at any time hereafter securing the payment hereof, and no attachment, execution or other writ or process shall be sought, issued or levied upon any assets, properties or funds of Borrower, other than the Property described in any instrument securing payment of this Note. If there is a foreclosure of any such liens, mortgages, assignments, rights and security interests securing the payment hereof by private power of sale or otherwise, no judgment for any deficiency upon such indebtedness, sums and amounts shall be sought or obtained by Lender against Borrower. Notwithstanding the foregoing provisions of this paragraph, Borrower shall be fully liable (a) for failure to pay taxes, assessments or other charges which can create liens on any portion of the Property that are payable or applicable prior to any foreclosure under the instrument covering the same (to the full extent of any such taxes, assessments or other charges), (b) for failure to pay any valid mechanic's lien, materialmen's liens or other liens (whether or not similar) arising prior to any sale or foreclosure which could create liens on any portion of the Property (to the full extent of the amount rightfully claimed by the lien claimant), (c) for fraud or misrepresentation made in or in connection with this Note or any instrument securing payment hereof, (d) for the misapplication of (i) proceeds paid prior to any such foreclosure under any insurance policies by reason of damage, loss or destruction to any portion of the Property (to the full extent of such proceeds), or (ii) any proceeds or awards resulting from the condemnation, prior to any such foreclosure, of all or any part of the Property (to the full extent of such proceeds or awards), and (e) for failure prior to such foreclosure to maintain, repair or restore the Property in accordance with any instrument securing payment hereof (to the full extent of the cost of such maintenance, repair or restoration not fully compensated for to Holder by insurance).

DISPUTE RESOLUTION

(a) Mandatory Mediation/Arbitration. Any controversy or claim between or among the parties, their agents, employees and affiliates, including but not limited to those arising out of or relating to this Note or any related agreements or instruments ("Subject Documents"), including without limitation any claim based on or arising from an alleged tort, shall, at the option of any party, and at that party's expense, be submitted to mediation, using either the American Arbitration Association ("AAA") or Judicial Arbitration and Mediation Services, Inc. ("JAMS"), and shall be heard in Santa Clara County, California. If mediation is not used, or if it is used and it fails to resolve the dispute within 30 days from the date AAA or JAMS is engaged, then the dispute shall be determined by arbitration in accordance with the rules of either JAMS or AAA (at the option of the party initiating the arbitration), notwithstanding any other choice of law provision in the Subject Documents. All statutes of limitations or any waivers contained herein which would otherwise be applicable shall apply to any arbitration proceeding under this subparagraph (a). The parties agree that related arbitration proceedings may be consolidated. The arbitrator shall prepare written reasons for the award. Judgment upon the award rendered may be entered in any court having jurisdiction. This subparagraph (a) shall apply only if, at the time of the proposed submission to AAA or JAMS, none of the obligations to Lender described in or covered by any of the Subject Documents are secured by real property collateral or, if so secured, all parties consent to such submission.

(b) Jury Waiver/Judicial Reference. If the controversy or claim is not submitted to arbitration as provided and limited in subparagraph (a), but becomes the subject of a judicial action, each party hereby waives its respective right to trial by jury of the controversy or claim. In addition, any party may elect to have all decisions of fact and law determined by a referee appointed by the court in accordance with applicable state reference procedures. The party requesting the reference procedure shall ask AAA or JAMS to provide a panel of retired judges and the court shall select the referee from the designated panel. The referee shall prepare written

findings of fact and conclusions of law. Judgment upon the award rendered shall be entered in the court in which such proceeding was commenced.

(c) Provisional Remedies, Self Help, and Foreclosure. No provision of, or the exercise of any rights under, subparagraph(a), shall limit the right of any party to exercise self help remedies such as setoff, to foreclose against any real or personal property collateral, or to obtain provisional or ancillary remedies such as injunctive relief or the appointment of a receiver from a court having jurisdiction before, during or after the pendency of any mediation or arbitration. At Lender's option, foreclosure under a deed of trust or mortgage may be accomplished either by exercise of power of sale under the deed of trust or mortgage, or by judicial foreclosure. The institution and maintenance of an action for judicial relief or pursuit of provisional or ancillary remedies or exercise of self help remedies shall not constitute a waiver of the right of any party, including the plaintiff, to submit the controversy or claim to mediation or arbitration.

To the extent any provision of the dispute resolution clause is different than the terms of this Note, the terms of this dispute resolution clause shall prevail.

Lender reserves the right to sell, assign, transfer, negotiate or grant participations in all or any part of, or any interest in, Lender's rights and obligations under the Loan Documents. In that connection, Lender may disclose all documents and information which Lender now or hereafter may have relating to this credit facility, Borrower, or any Guarantor or their business.

No failure or delay on the part of Lender in exercising any power, right or privilege under any Loan Document shall operate as a waiver thereof, and no single or partial exercise of any such power, right or privilege shall preclude any further exercise thereof or the exercise of any other power, right or privilege.

Borrower shall reimburse Lender for all costs and expenses, including without limitation reasonable attorneys' fees and disbursements (and fees and disbursements of Lender's in-house counsel) expended or incurred by Lender in any arbitration, mediation, judicial reference, legal action or otherwise in connection with (a) the negotiation, preparation, amendment, interpretation and enforcement of the Loan Documents, including without limitation during any workout, attempted workout, and/or in connection with the rendering of legal advice as to Lender's rights, remedies and obligations under the Loan Documents, (b) collecting any sum which becomes due Lender under any Loan Document, (c) any proceeding for declaratory relief, any counterclaim to any proceeding, or any appeal, or (d) the protection, preservation or enforcement of any rights of Lender. For the purposes of this section, attorneys' fees shall include, without limitation, fees incurred in connection with the following: (1) contempt proceedings; (2) discovery; (3) any motion, proceeding or other activity of any kind in connection with a Bankruptcy proceeding or case arising out of or relating to any petition under Title 11 of the United States Code, as the same shall be in effect from time to time, or any similar law; (4) garnishment, levy, and debtor and third party examinations; and (5) post-judgment motions and proceedings of any kind, including without limitation any activity taken to collect or enforce any judgment.

This Note shall be governed by, and construed in accordance with, the laws of the State of California.

All terms and conditions set forth in the Leasehold Deed of Trust, Assignment of Rents, Security Agreement and Fixture Filing, dated as of even date herewith, executed and delivered by Borrower, as Trustor, for the benefit of Lender, as Beneficiary are incorporated by this reference.

B&B MANAGEMENT GROUP, LLC,
a California limited liability company

By: /s/ Jay Bell

Name: Jerome Bellach

Title: General Manager