1  DARRYL J. HOROWITT  #100898
   CHRISTINE J. LEVIN #192181
2  COLEMAN & HOROWITT, LLP
   Attorneys at Law
3  499 West Shaw, Suite 116
   Fresno, California 93704
4  Telephone: (559) 248-4820
   Facsimile: (559) 248-4830

   Attorneys for Plaintiff,
   SUSAN SANDELMAN, AS TRUSTEE
   OF THE ESAN TRUST

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SUSAN SANDELMAN, AS TRUSTEE OF THE ESAN TRUST,<br><br>  Plaintiff,<br><br>  v.<br><br>B&B PROPERTY MANAGEMENT, LLC, dba BELLACH'S LEATHER FOR LIVING,<br><br>  Defendant. | NO.   C08 00681 HRL<br><br>**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT B&B MANAGEMENT GROUP'S MOTION TO STAY ACTION PENDING ARBITRATION**<br><br>[Filed Concurrently with Request To Take Judicial Notice]<br><br>Date:        May 13, 2008<br>Time:        10:00 a.m.<br>Courtroom:   Hon. Howard R. Lloyd |

   Plaintiff, SUSAN SANDELMAN, as Trustee of the Esan Trust ("SANDELMAN" or "Plaintiff"), submits the following memorandum of points and authorities in opposition to Defendant B&B Management Group, LLC's ("B&B" or "Defendant") motion to stay action pending arbitration.

**STATEMENT OF FACTS**

   Plaintiff is the owner of certain real property located at 4695 Stevens Creek Blvd., Santa Clara, California ("THE PROPERTY"). (See Complaint, ¶ 5.) On June 30, 2000, defendant, B&B MANAGEMENT GROUP, LLC ("B&B") became a tenant in THE PROPERTY when it entered into an Assignment of Lease and Assumption Agreement with Apria Healthcare Inc.

1

1  ("APRIA").  (See Complaint, ¶ 6.)

2  In connection with B&B's occupancy of THE PROPERTY, and for valuable
consideration, B&B executed a promissory note ("THE NOTE") in favor of APRIA.  (See
Complaint, ¶ 7 and Promissory Note attached to Complaint as Exhibit "A." )   On or about June
7, 2005, for valuable consideration, APRIA assigned all right, title, and interest in THE NOTE,
to Plaintiff.  (See Complaint, ¶ 10.)

Pursuant to the terms of THE NOTE, the final payment in the amount of $331,703.73
was to be paid on or before September 1, 2007.  (See Exhibit "A" to Complaint.)   The payment
was not made.  (See Complaint, ¶ 13.)  When payment was not made, plaintiff filed this action.

Defendant was served on February 8, 2008.  (See Exhibit "A" to Request To Take
Judicial Notice ("RJN").)  A copy of the summons and proof of service was submitted to this
court on February 15, 2008. (*Ibid.*)  On April 4, 2008, Plaintiff filed a request to enter default.
(See Exhibit "D" to RJN.)  Approximately one hour later, Defendant filed his moving papers in
the present matter.  On April 8, 2008, default was entered against Defendants.  (See Exhibit "E"
to RJN.)

## DISCUSSION

### 1. DEFENDANT'S MOTION IS UNTIMELY AND SHOULD THUS BE DISREGARDED IN ITS ENTIRETY

In accordance with Federal Rules of Civil Procedure, Rule 55, "When a party against
whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that
failure is shown by affidavit or otherwise, the clerk must enter the party's default."

Defendant was served on February 8, 2008.  (See Exhibit "B" to RJN.)  A copy of the
summons and proof of service was submitted to this court on February 15, 2008. (*Ibid.*)   On or
about March 12, 2008, BELLACH'S LEATHER FOR LIVING, INC., a corporation that is
owned by the same principals of B&B, and which was subleasing the property from B&B, filed a
motion in bankruptcy court for a temporary injunction to stop plaintiff from entering the default
of B&B in this matter.  (See Exhibit "C" to RJN.)  A temporary restraining order was initially
granted but on April 4, 2008, was terminated by the court.  (See Exhibit "B" to RJN; Fact 1 to

1  RJN.)  Although B&B had plenty of time before April 4 to file any response to the complaint (as

2  only plaintiff was enjoined from action by virtue of the injunction granted by the bankruptcy

3  court), Defendant failed to appear or otherwise timely respond to the Complaint.  Accordingly,

4  on April 4, 2008, Plaintiff filed a Request to Enter Default.  (See Exhibit "D" to RJN.)

5  Approximately one hour later, Defendant filed its moving papers in the present matter. On April

6  8, 2008, default was entered against Defendants.  (See Exhibit "E" to RJN.)

7  The entry of default precludes B&B from the filing of this motion.[1]

### 2. DEFENDANT FAILED TO MEET THE REQUIREMENTS FOR ARBITRATION

10  In determining whether an agreement is arbitrable, courts turn to the contract entered into

11  by the parties.  (See *Mediterranean Enterprises, Inc. v. Ssangyong Corp.* (1983) 708 F.2d 1458;

12  *Combined Energies v. CCI, Inc.* (2008) 514 F.3d 168.)  In the present case, Plaintiff instituted an

13  action with this Court on January 29, 2008.  Defendant was served on February 8, 2008.  It was

14  not until April 8, 2008, that Defendant purportedly appeared, and when it did so, it filed the

15  motion seeking stay pending arbitration.  Although Plaintiff submits an arbitration provision in

16  fact exists in THE NOTE,  it is important to establish that an actual arbitration has not been

17  instituted or is presently in progress.

18  In accordance with the terms of THE NOTE, arbitration is at the option of any party, and

19  at that party's expense.  (Exhibit "A" to Complaint.)  More specifically, THE NOTE makes clear

20  that arbitration proceedings should be instituted ***at the expense and option of the party seeking***

21  ***arbitration***.  (*Ibid*.)  Since courts turn to the terms of the agreement in establishing a particular

22  case's arbitrability, Defendant is responsible for abiding by the terms of THE NOTE when

23  seeking to compel arbitration.  (See *Mediterranean Enterprises, Inc. v. Ssangyong Corp., supra,*

---

[1] Plaintiff understands that B&B will argue that the default was improper since it was taken against B&B Property Management Group, LLC, not B&B Management Group, LLC.  Plaintiff submits, however, that it can correct the deficiency in its request for default judgment since: (1) the name was only incorrect in the caption, not in the body of the complaint; (2) it was served on the correct entity in light of the fact B&B Management Group received actual notice of the proceeding as evidenced by its tardy motion; and, (3) B&B has misled the court in claiming it operates Bellach's Leather for Living (as noted in its motion) when in fact it's principals know the store is operated by a separate corporation, BELLACH'S LEATHER FOR LIVING, INC., which filed a Ch. 11 bankruptcy petition and sought injunctive relief against plaintiff.  (See Exhibit "C" to RJN.)

1 | 708 F.2d 1458; *Combined Energies v. CCI, Inc., supra,* 514 F.3d 168).   Defendant's failure to show compliance dooms its motion.  The motion should thus be denied.

## CONCLUSION

Based upon the foregoing, Plaintiff respectfully requests that this court deny Defendant's Motion to Stay The Action Pending Arbitration.

Dated: April 22, 2008                    COLEMAN & HOROWITT, LLP

By: _____/s/ Darryl J. Horowitt_____
DARRYL J. HOROWITT
Attorneys for Plaintiff,
SUSAN SANDELMAN, AS TRUSTEE
OF THE ESAN TRUST