United States District Court
For the Northern District of California

\* E-filed 5/6/08 \*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SUSAN SANDELMAN, AS TRUSTEE OF THE ESAN TRUST,<br><br>Plaintiff,<br><br>v.<br><br>B&B PROPERTY MANAGEMENT, LLC d/b/a BELLACH'S LEATHER FOR LIVING,<br><br>Defendant.<br>_____/ | Case No. CV 08-00681 HRL<br><br>**ORDER RE ENTRY OF DEFAULT: (1) SETTING HEARING DATE FOR PARTIES' PRESUMPTIVE MOTIONS TO RESOLVE DEFAULT ENTRY AND (2) TAKING MOTION TO STAY AND CASE MANAGEMENT CONFERENCE OFF CALENDAR** |

Plaintiff's complaint alleges: that she is the owner of property where defendant was a tenant; that in connection with its occupancy, defendant executed a promissory note with a third party; that the third party assigned plaintiff the rights to that note; and, that defendant defaulted on the note. The complaint was filed on January 29, 2008.

On April 4, 2008, plaintiff moved for entry of default under FED.R.CIV.P. 55(a).[1] [Docket No. 5]. According to that request, defendant's time for filing a responsive pleading expired on March 12, 2008.[2] Later in the day on April 4, defendant moved to stay this action pending arbitration. [Docket No. 6; re-noticed at Docket No. 10]. A few days later the clerk entered default against defendant. [Docket No. 11].

---

[1] Pursuant to FED.R.CIV.P. 73 and 28 U.S.C. § 636(c), both parties have consented that all proceedings in this matter may be heard and finally adjudicated by the undersigned.

[2] It is not clear how plaintiff arrived at the March 12 deadline, since the return of service indicates that service was executed on February 8 and 11. FED.R.CIV.P. 12(a).

1    An entry of default should not be confused with a default judgment. Rather, entry of
2 default under FED.R.CIV.P. 55(a) is "an order precluding the defaulting party from making any
3 further defense in the case as far as his or her liability is concerned." 46 AM. JUR. 2d
4 JUDGMENTS § 233 (internal citations omitted). With the default entered against it, the court
5 cannot hear defendant's motion to stay.

6    Therefore, the May 13 hearing on the motion to stay and the May 20 Case Management
7 Conference (CMC) are ordered off calendar. Once the default issue is resolved (and if it is
8 appropriate), the court will re-set the CMC and sign the stipulation and order selecting a form of
9 alternative dispute resolution (ADR).

10    Furthermore, the court presumes that plaintiff intends to file a motion for default
11 judgment under FED.R.CIV.P. 55(b) and that defendant intends to move under FED.R.CIV.P. 60
12 to set aside the entry of default. On this assumption, the court now sets a hearing date on these
13 presumptive motions for June 24, 2008 at 10:00 am (Courtroom 2, Fifth Floor of the United
14 States District Court, San Jose). The parties shall notice any motions in accordance with the
15 Civil Local Rules.

16    **IT IS SO ORDERED.**

18    Dated:  5/6/08

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

2

**5:08-cv-681 Notice has been electronically mailed to:**

Mikel D. Bryan mikel@mdbryanlaw.com

Darryl J. Horowitt dhorowitt@ch-law.com

Christine Jean Levin clevin@ch-law.com, tbohlander@ch-law.com

\* Counsel are responsible for providing copies of this order to co-counsel.

Dated:  5/6/08

                                         /s/ KRO
                             Chambers of Magistrate Judge Lloyd

**United States District Court**
For the Northern District of California