LAW OFFICES OF MIKEL D. BRYAN, P.C.
MIKEL D. BRYAN ( SBN 84010)
550 Doyle Park Drive
Santa Rosa, California 95405
(707) 528-1231
Fax: (707) 528-3143

Attorney for Defendant
B & B Management Group, LLC,
dba Bellach's Leather for Living

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SUSAN SANDELMAN, AS TRUSTEE OF THE ESAN TRUST,<br><br>Plaintiff,<br><br>v.<br><br>B&B PROPERTY MANAGEMENT, LLC, dba BELLACH'S LEATHER FOR LIVING,<br><br>Defendant.<br>_____/ | No. C08 00681 HRL<br><br>DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF B & B MANAGEMENT GROUP LLC'S MOTION FOR RELIEF FROM DEFAULT<br>Complaint Filed: January 29, 2008<br><br>Date:       June 24, 2008<br>Time:       10:00 a.m.<br>Courtroom: 2<br>Judge:      Honorable Howard R. Lloyd |

The defendant, B & B Management Group, LLC, dba Bellach's Leather for Living (B & B), erroneously sued herein as B & B Property Management, LLC, dba Bellach's Leather for Living (B&BPM) ("the moving party"), by and through its attorney of record, Mikel D. Bryan, P.C., submits the following Memorandum of Points in Support of its Motion for Relief from Default:

**I. LEGAL ARGUMENT**

Default proceedings are generally disfavored. It is the policy of the law whenever possible to decide cases on their merits. As a result, if there are any doubts of the propriety of a default, those doubts are usually resolved against the party seeking to enforce the default. See *Pena v Seguros La Commercial, S.A.* (9th Cir. 1985) 770 F2d 811, 814.

Under Rule 55(c) of the Federal Rules of Civil Procedure, it provides that: "[T]he Court may set aside an entry of default for good cause...". "Good cause" is generally shown by the

same factors as are considered under a motion to set aside a default judgment, i.e., "mistake, inadvertence, surprise or excusable neglect".  See *Chrysler Credit Corp. v. Macino* (7th Cir.1983) 710 F2d 363, 368.  These terms all come down to excusable neglect: i.e., has the moving party shown a reasonable excuse for the default.  See *Meadows v. Dominican Republic* (9th Cir. 1987) 817 F2d 517, 520.  Excusable neglect is basically an equitable determination, and the Court should consider: the danger of prejudice to the other party; the length of the delay in seeking relief and its potential effect on the judicial proceeding; the reason for the delay; and whether the moving party acted in good faith.  See *Pioneer Investment Services Co. v Brunswick Associates Ltd. Partnership* (1993) 507 US 380, 395; 113 S.Ct. 1489, 1498, decided in a bankruptcy context dealing with"excusable neglect" as a ground for permitting the late filing of a creditor's claim under Bank. Rule 9006(b)(1).

The moving party, defendant, B & B, was trying to retain counsel to represent it in the instant action, David Chandler, because Mr. Chandler was already representing Bellach's Leather for Living, Inc. ("Bellach's) in a Chapter 11 proceeding, in the Northern District of California, Santa Rosa Division.  However, due to the fact that the President, and principal shareholder of Bellach's, Jerome Bellach, was also the managing member of the moving party B & B, the United States Trustee's Office expressed their opinion that if Mr. Chandler represented the moving party, he would have a conflict with his obligations as general counsel for Bellach's. When the US Trustee's office decided that a conflict would exist in such representation, Mr. Chandler immediately contacted moving party's present counsel, Mikel D. Bryan, P.C. ("Mr. Bryan"), to take up the representation of the moving party in the instant action.

Present counsel, Mr. Bryan, was contacted on April 2, 2008, and he immediately contacted the moving party's managing member, Mr. Bellach, and obtained copies of the complaint filed in this action.

On April 3, 2008, present counsel contacted the attorney for the Plaintiff in the instant action, David Horowitt, to advise that he was in the process of being retained as counsel for the defendant in this action.  Initial discussions were held regarding the status of the matter and the underlying issues.  Plaintiff's counsel was advised by Mr. Bryan that after an initial review of the

underlying documents, that the defendant wanted to pursue contractual provisions in the promissory note and leasehold deed of trust, requiring mediation and arbitration of any disputes between the parties. Plaintiff's counsel was also advised by Mr. Bryan that a Motion to Stay the present proceedings was being prepared for filing with this Court. Plaintiff's counsel was also advised that present counsel, Mr. Bryan, would be meeting with Mr. Bellach the following day to have him sign a declaration in support of the Motion for Stay.

On Friday, April 4, 2008, present counsel called the Plaintiff's counsel to discuss issues relating to a possible settlement of the present action. These discussion had begun the day before, but required present counsel, Mr. Bryan, to get further information from David Chandler as the attorney for Bellach's, the attorneys for the creditor's committee of Bellach's, as well as further information from Mr. Bellach, himself. Unfortunately, there was insufficient time to put together an acceptable settlement offer. Present counsel, Mr. Bryan, advised Plaintiff's counsel that Mr. Bellach would be meeting with present counsel later that day to sign his declaration, and the motion would be filed on Monday, April 7, 2008. Present counsel, Mr. Bryan, requested that no default of the moving party be taken in light of this, but no assurance was forthcoming from the Plaintiff's counsel.

When present counsel checked back with the Plaintiff's counsel, just prior to Mr. Bellach coming in to sign his declaration that afternoon, Plaintiff's counsel advised that his office had electronically filed a request for the default of B&BPM, without any notice to present counsel, Mr. Bryan.

When Bellach arrived at Mr. Bryan's office to review and sign the declaration, prepared in support of the Motion for Stay, it was discovered that B&BPM was not an involved entity and it was not the contracting party under the promissory note and leasehold security interests being sued upon by the Plaintiff in the instant action. Changes to the Motion for Stay were then made to have the actual contracting party, the moving party herein, voluntarily appear in the action, as B & B, erroneously sued herein as B&BPM. Those papers were then filed at 5:12 p.m., less than two hours after the request for default had been submitted to the Court by the Plaintiff's counsel. The Motion for Stay was set for April 29, 2008 by the moving party.

Memorandum of Points and Authorities in Support of
Defendant's Motion for Relief from Default

On Monday, April 7, 2008, the Court clerk called to advise that the Motion for Stay needed to be re-noticed because it failed to comply with the thirty-five day notice provisions under the local rules of Court. An Amended Notice was immediately prepared, served and filed with the Court.

Despite having filed the Motion for Stay on Friday, April 4, 2008, and having filed an Amended Notice of Hearing, on the Motion for Stay, the default of the defendant, B&BPM was nonetheless entered by the Clerk on Monday, April 7, 2008.

On May 6, 2008, the Court unilaterally entered its order striking the hearing date on the Motion for Stay filed by B & B, because the Court found that the entry of the Clerk's default against the defendant B&BPM precluded B & B from any further defense in the case. The Court set June 24, 2008, as the hearing date on presumptive motions for entry of default judgment and/or defendant's motion to set aside the default under Rule 60 of the FRCP (sic).

On May 8, 2008, the moving party filed an Ex Parte Application on behalf of B & B seeking to have the order of May 6, 2008 set aside on the grounds that no default had been entered against B & B, but only against B&BPM, a non-involved entity, and requested the Motion for Stay be placed back on calendar for hearing.

On May 20, 2008, the Court denied the Ex Parte Application of B & B. When the Order denying the Ex Parte Application was received, the moving party was unable to prepare the present Motion for Relief from the Default entered by the Clerk for hearing on the June 24, 2008, calendar because there was not enough time to comply with the 35 day notice requirement. Between April 4, 2008 and the present, the moving party, through its present counsel, Mr. Bryan, has continued to communicate with the Plaintiff's counsel; has joined in the preparation of a Stipulation to submit this case to Mediation; and has participated in the preparation of a joint case management statement, which was electronically filed on April 29, 2008.

A. **Lack of Professional Courtesy**: As discussed in the Schwarzer, Tashima & Wagstaffe, Cal Prac. Guide: Fed. Civ. Pro. Before Trial ("The Rutter Group") in Section 6:39, as a practical matter if the attorney for the Plaintiff has had any contact with an attorney representing the defendant, the Plaintiff's attorney should notify that counsel before entering any

request for default.  Otherwise, the Court will most likely grant a request for relief from default. Moreover, some judges might regard this lack of professional courtesy to opposing counsel as cause of "unnecessary proceedings" under 28 USC §1927, and impose sanctions against the Plaintiff's counsel.

The moving party has continued to act in good faith in seeking to appear and defend the present action and to enforce its contractual rights under the promissory note and leasehold deed of trust upon which the Plaintiff bases the present action.  Although the time for response to the complaint had passed, the Plaintiff's counsel was advised that the defendant's present counsel, Mr. Bryan, had prepared a Motion to Stay the proceedings, and Mr. Bryan was prepared to file the same as soon as the necessary declaration in support of that Motion for Stay had been signed by the declarant, Mr. Bellach.  The defendant's failure to respond by itself has no legal consequence.  Even a late filed responsive pleading [filed after the time allowed under FRCP Rule 12(a)] prevents the entry of a default.  See *Mitchell v. Brown & Williamson Tobacco Corp.* (11th Cir.2002) 294 F3d 1309, 1317.  Either an answer or motion will indicate an intent to defend the action and prevent the entry of a default.  See *Ashby v. McKenna* (10th Cir. 2003) 331 F3d 1148, 1152.

B.    **The Motion is Otherwise Warranted under the *Brunswick* Analysis**:

(1) **No Prejudice**.  In the instant case, there is no danger of prejudice to the other party if the default is set aside.  The contract provisions under which the present action are brought require the mediation and arbitration of any disputes between the parties.  The moving party is not seeking to avoid its contractual obligations, but is seeking to enforce them as provided in the contract documents.  No discovery has been undertaken in the instant case and no funds expended in seeking a default judgment

(2) **No Delay in Seeking Relief**: As shown above, the moving has not delayed in seeking the present relief.  The moving party has diligently tried to get this matter before the Court and proceed with contractual mediation and arbitration as provided in the underlying promissory note and leasehold deed of trust sued upon by the Plaintiff herein.  There has been no

//

Memorandum of Points and Authorities in Support of
Defendant's Motion for Relief from Default

effect on the judicial proceedings, and the moving party continues to offer to comply timely with all judicial proceedings.

       (3) **The Moving Party Acted in Good Faith**: As set forth above, and in the Declaration of Mikel D. Bryan, moving party's present counsel, filed and served concurrently herewith, the moving party has acted in good faith seeking to exercise its contractual rights and obligations herein. It sought counsel with David Chandler, but was prevented from utilizing his services at the risk of having Mr. Chandler found to have a conflict of interest with his concurrent representation of Bellach's, in the Chapter 11 bankruptcy proceedings. When this alleged conflict was raised by the United States Trustee's Office, the moving party immediately retained present counsel, Mr. Bryan, and attempted to respond to the present action by way of a Motion to Stay. The responsive motion was prepared and filed within two days of moving party first obtaining present counsel in April of 2008.

## II. CONCLUSION

Based upon the applicable law set forth above, and the facts in this case, the moving party submits that, based upon the lack of professional courtesy alone, the default of B & B be set aside, and the Motion for Stay be permitted to be filed and adjudicated. In addition, good cause has been shown, and the requested motion is otherwise warranted under the *Brunswick* factors listed above.

                          Respectfully submitted,

Dated: May 29, 2008        LAW OFFICES OF MIKEL D. BRYAN, P.C.

                         By: _____
                                MIKEL D. BRYAN
                                Attorney for Defendant and Moving Party,
                                B & B Management Group, LLC, dba Bellach's
                                Leather for Living