LAW OFFICES OF MIKEL D. BRYAN, P.C.
MIKEL D. BRYAN (SBN 84010)
550 Doyle Park Drive
Santa Rosa, California 95405
(707) 528-1231
Fax: (707) 528-3143

Attorney for Defendant
B & B Management Group, LLC,
dba Bellach's Leather for Living

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SUSAN SANDELMAN, AS TRUSTEE OF THE ESAN TRUST, | No. C08 00681 HRL |
| Plaintiff, | DECLARATION OF MIKEL D. BRYAN IN SUPPORT OF DEFENDANT'S MOTION FOR RELIEF FROM DEFAULT |
| v. | Complaint Filed: January 29, 2008 |
| B&B PROPERTY MANAGEMENT, LLC, dba BELLACH'S LEATHER FOR LIVING, | Date: June 24, 2008<br>Time: 10:00 a.m. |
| Defendant. | Courtroom: 2<br>Judge: Honorable Howard R. Lloyd |

I, Mikel D. Bryan, declare that:

1. I am an attorney duly licensed to practice law in the State of California, and I am an admitted member to the Northern District of California and have been since February of 1981.

2. I was first contacted in the matter by the attorney for Bellach's Leather for Living Inc. ("Bellach's"), David N. Chandler on or about April 2, 2008. Mr. Chandler advised that Bellach's was then in a Chapter 11 proceeding in the Northern District of California, Santa Rosa Division. Mr. Chandler also advised that one of the outstanding leases in which the debtor, Bellach's was a lessee, was a commercial building located on Stevens Creek Boulevard in San Jose ("the San Jose lease"). The lessor, under the San Jose lease, was B & B Management Group, LLC ("B & B"). Mr. Chandler advised that the Plaintiff in the instant action had filed the present action seeking to foreclose on a note and leasehold deed of trust against B & B, but that the U.S. Trustee's office would not allow him to represent Bellach's, as their general Chapter 11

Page 1

Declaration of Mikel D. Bryan in Support of Defendant's Motion for Relief from Default

counsel, and represent the defendant, in this action, at the same time, because the managing member of B & B was also the President and principal shareholder of the Chapter 11 debtor. Mr. Chandler asked if I would represent B & B. I advise him I would talk to the managing member of B & B, and if mutually agreeable arrangements were made, I would agree to represent B & B in the present action. I then contacted Jerome Bellach, the managing member of B & B, to discuss the underlying case, and the retention of my office to represent B & B in the present action.

3. On April 3, 2008, after reviewing the underlying note and leasehold deed of trust, I prepared a Motion to Stay the present proceedings on behalf of B & B. I then called the attorney for the Plaintiff, David Horowitt, to discuss the status of the action, and the fact that I had agreed to represent B & B in that capacity, and that I had prepared a Motion to Stay the proceedings and was waiting for the managing partner of B & B to sign a declaration needed in support of the motion. During that same conversation, Mr. Horowitt and I began to discuss possible resolutions of the case, without having to proceed with the present action, and the contractual provisions mandating mediation and arbitration. Nothing was said by Plaintiff's counsel about B & B being in default of its time to answer the complaint under FRCP 55(a).

4. On Friday, April 4, 2008, I contacted the Court clerk to discuss filing motion papers and getting dates for hearing on the motion for stay, which I had prepared. I also contacted Mr. Horowitt to tell him that I would be filing a motion to stay the proceedings, but that I was waiting to meet with Mr. Bellach later in the day. (Mr. Bellach was at a scheduled bankruptcy hearing which lasted until approximately 3:30 or 4:00 p.m.) Nothing was said about filing the default of B & B, but Mr. Horowitt did state that B & B was in default under Rule 55 because more than 20 days had elapsed since service was allegedly made on the defendant, B&B Property Management LLC ("B&BPM")

5. Shortly after 4:00 p.m., I met with Mr. Bellach to have him sign his declaration and approve the Motion for Stay documents. At that time, I was advised by Mr. Bellach that although the present action had been filed against B&BPM, no such entity was involved, and the true contracting entity was in fact B & B, not B&BPM. I then revised the motion and supporting

Page 2

Declaration of Mikel D. Bryan in Support of Defendant's Motion for Relief from Default

documents to make an appearance on behalf of the proper entity B & B, appearing as a party "erroneously sued as (B&BPM)." When I contacted Mr. Horowitt to advise him that I had met with Mr. Bellach and had finalized the motion, Mr. Horowitt told me his firm had electronically filed a Notice of Default at 3:23 p.m that same day with the Court.

6. I immediately requested that Mr. Horowitt stipulate to setting aside the default because he had failed to notify me of his intention to file such default notice, particularly in light of our prior discussion in which I had advised him of my representation of the assumed defendant, and that I would be meeting with the managing member of the assumed defendant, to finalize the Motion for Stay papers that very day. Mr. Horowitt would not commit to any such stipulation.

7. I researched the law regarding service of process and determined that the proper party had not been served, and immediately filed the Motion for Stay on behalf of the proper defendant, B & B. The Motion for Stay and supporting documents were electronically filed at 5:12 p.m. on April 4, 2008.

8. At that time, no Clerk's default had been entered. In fact, no entry of default was entered by the Clerk until Monday, April 8, 2008, after the Motion to Stay had been filed on behalf of B & B.

9. On May 6, 2008, the Court unilaterally entered its orders striking the hearing date on the Motion for Stay, filed by B & B, because the Court found that the entry of the Clerk's default against the defendant, B&BPM, precluded B & B from any further defense in the case. The Court set June 24, 2008, as the hearing date on presumptive motions for entry of default judgment and/or defendant's motion to set aside the default under Rule 60 of the FRCP (sic).

10. On May 8, 2008, I filed an Ex Parte Application on behalf of B & B seeking to have the order of May 6, 2008 set aside on the grounds that no default had been entered against B & B, but only against B&BPM, a non-involved entity, and requesting the Motion for Stay be placed back on calendar for hearing.

11. On May 20, 2008, the Court denied the Ex Parte Application of B & B. When the Order denying the Ex Parte Application was received, I was unable to prepare the present Motion

Declaration of Mikel D. Bryan in Support of Defendant's Motion for Relief from Default

for Relief from the Default entered by the Clerk for hearing on the June 24, 2008 calendar because I did not have sufficient time to provide the required 35 day notice.

12. Between April 4, 2008 and the present, I have continued to communicate with the Plaintiff's counsel; I have joined in the preparation of a Stipulation to submit this case to Mediation; and I have participated in the preparation of a joint case management statement, which was electronically filed on April 29, 2008.

13. I believe the defendant, B & B has a defense to the continued proceedings herein under the contractual obligations to mediate any disputes, and failing mediation, to resolve any issues through contractual arbitration.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this 29th day of May, 2008.

_____
Mikel D. Bryan
Attorney for B & B Management Group, LLC

Declaration of Mikel D. Bryan in Support of Defendant's Motion for Relief from Default