1  DARRYL J. HOROWITT  #100898
   DANIA M. ALVARENGA #244486
2  COLEMAN & HOROWITT, LLP
   Attorneys at Law
3  499 West Shaw, Suite 116
   Fresno, California 93704
4  Telephone: (559) 248-4820
   Facsimile: (559) 248-4830

Attorneys for Plaintiff,
SUSAN SANDELMAN, AS TRUSTEE
OF THE ESAN TRUST

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| SUSAN SANDELMAN, AS TRUSTEE OF THE ESAN TRUST, | NO.  C 08 00681 HRL |
|---|---|
| Plaintiff, | **APPLICATION FOR JUDGMENT PURSUANT TO CLERK'S ENTRY OF DEFAULT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| v. | |
| B&B PROPERTY MANAGEMENT, LLC, dba BELLACH'S LEATHER FOR LIVING, | **[Filed concurrently with Declarations of Darryl J. Horowitt and Lee Cherney and Proposed Judgment]** |
| Defendant. | Date:  June 24, 2008<br>Time:  10:00 a.m.<br>Dept:  Courtroom 2, 5th Floor |

TO THE HONORABLE COURT AND ALL PARTIES AND THEIR RESPECTIVE

ATTORNEYS OF RECORD:

    Plaintiff, SUSAN SANDELMAN, AS TRUSTEE OF THE ESAN TRUST (hereinafter

"Plaintiff"), hereby requests a default judgment against Defendant, B & B MANAGEMENT

GROUP, LLC (hereinafter "Defendant") pursuant to Rule 55(b)(1) of the Federal Rules of Civil

Procedure.  This application is based on this application, the accompanying memorandum of

points of authorities in support of the application, the declarations of Darryl J. Horowitt and Lee

1

1  Cherney, and the papers and pleadings on file in this action.

2      1.    <u>Entry of Clerk's Default</u>:  A request for entry of clerk's default for failure to

3  respond or appear was filed herein on April 8, 2008.

4      2.    <u>Proof Required for Clerk's Judgment</u>:  The declarations of Lee Cherney and

5  Darryl J. Horowitt filed herewith establish proof of:

6      (a)    A sum certain due and owing Plaintiff by said Defendant;

7      (b)    A contract or statutory claim;

8      (c)    Defendant's nonmilitary status; and,

9      (d)    Costs to be properly awarded by the clerk.

10      3.    <u>Judgment to be Entered</u>:

11  Plaintiff has suffered damages in the principal amount of $275,986.81; interest at the rate

12  of 12% per annum from September 1, 2007 through May 15, 2008, in the amount of $24,226.35,

13  and interest at a daily rate of $90.74 per day thereafter; costs in the amount of $531.87; and

14  attorney's fees in the amount of $33,621.75, for a total judgment of $334,366.78.

15      Respectfully submitted,

16  Dated: June 3, 2008    COLEMAN & HOROWITT, LLP

17

18      By:<u>/s/ Darryl J. Horowitt</u>
    DARRYL J. HOROWITT
    Attorneys for Plaintiff,
19      SUSAN SANDELMAN, AS TRUSTEE OF
    THE ESAN TRUST

20

21

22

23

24

25

26

27

28

**MEMORANDUM OF POINTS AND AUTHORITIES**

Plaintiff, SUSAN SANDELMAN, AS TRUSTEE OF THE ESAN TRUST ("SANDELMAN" or "Plaintiff"), hereby submits the following Memorandum of Points and Authorities in Support of her application for Default Judgment against Defendant, B & B MANAGEMENT GROUP, LLC ("B & B" or "Defendant").

**PROCEDURAL HISTORY**

On January 29, 2008, Plaintiff instituted an action with this Court against B & B MANAGEMENT GROUP, LLC. Defendant was served with the Summons and Complaint on February 8, 2008. A copy of the Summons and Proof of Service was submitted to this Court on February 15, 2008. On April 4, 2008, Plaintiff filed a request to enter default. On April 8, 2008, default was entered against Defendant.

**STATEMENT OF FACTS**

This is an action for breach of a promissory note, money lent, foreclosure on a deed of trust and claim and delivery. The dispute stems from Defendant's failure to make a final payment on a promissory note.

Plaintiff is the owner of certain real property located at 4695 Stevens Creek Blvd., Santa Clara, California ("PROPERTY"). (Declaration of Lee Cherney ("Cherney Dec."), ¶ 4; Complaint, ¶ 5.) On June 30, 2000, B & B became a tenant in the PROPERTY when it entered into an Assignment of Lease and Assumption Agreement with Apria Healthcare Inc. ("APRIA") (Cherney Dec., ¶ 5; Complaint, ¶ 6.)

In connection with B & B's occupancy of the PROPERTY, and for valuable consideration, B & B executed a promissory note ("the NOTE") in favor of APRIA. (Cherney Dec., ¶ 6; Exhibit "A" to Cherney Dec.; Complaint, ¶ 7.) To secure payment of the NOTE, B & B entered into a Leasehold Deed of Trust, Assignment of Rents, Security Agreement and Financing Statement ( "LEASEHOLD DEED OF TRUST") executed on June 30, 2000. (Cherney Dec., ¶ 7; Exhibit "B" to Cherney Dec.; Complaint, ¶ 8.) As further security on the NOTE, B & B also executed a Subordinated Deed of Trust, Assignment of Rents, and Financing Statement ("SUBORDINATED DEED OF TRUST"). (Cherney Dec. ¶ 8; Exhibit "C" to

3

Cherney Dec.; Complaint, ¶ 9.)

On or about June 7, 2005, for valuable consideration, APRIA assigned all right, title, and interest in the NOTE, to Plaintiff thereby making her beneficiary under the NOTE, SUBORDINATED DEED OF TRUST and LEASEHOLD DEED OF TRUST. Plaintiff gave notice of this assignment on or about September 7, 2005. (Cherney Dec., ¶ 14; Complaint, ¶ 10.)

The NOTE was in the original amount of Six Hundred Ninety Thousand Dollars ($690,000). (Exhibit "A" to Cherney Dec.) B & B agreed to be liable for the full amount under the NOTE. (*Ibid*.)  Pursuant to the terms of the NOTE, a final payment was to be paid on or before September 1, 2007. (*Ibid.*; Complaint, ¶ 12.) On or about September 2, 2007, Defendant breached the terms of the NOTE by failing to pay the amount due. (Cherney Dec., ¶ 11; Complaint, ¶ 12.)

On or about October 29, 2007, Plaintiff made a demand that B & B make its final payment no later than November 5, 2007. B & B failed to pay despite and notwithstanding its agreement to do so. (Cherney Dec., ¶ 13; Exhibit "F" to Cherney Dec.) The amount now due under the NOTE is $275,986.81, together with interest at a rate of 12% per annum, plus attorney's fees and costs.  (Cherney Dec., ¶ 13; Complaint, ¶ 15.)

## DISCUSSION

**1.    JUDGMENT IN FAVOR OF PLAINTIFF MAY BE ENTERED UPON DECLARATION**

Federal Rules of Civil Procedure Rule 55(b)(1), provides:

> "(b) Judgment. Judgment by default may be entered as follows:
>
> (1) By the Clerk. When the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, ***the clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount and costs against the defendant***, if the defendant has been defaulted for failure to appear and is not an infant or incompetent person."  (Emphasis added.)

SANDELMAN submits that her accompanying declaration supports her claims for breach of the NOTE, money lent, foreclosure on the SUBORDINATED DEED OF TRUST, and

1  Claim and Delivery.  As such, by virtue of Federal Rules of Civil Procedure Rule 55, judgment

2  should be entered based on the attached declaration in lieu of personal testimony.

3      **2.  DEFAULT ADMITS THE MATERIAL ALLEGATIONS OF A COMPLAINT**

4

5      When default is entered a defendant cannot contest a plaintiff's well-pleaded allegations

6  of facts, except those related to damages. (See *TeleVideo Systems, Inc. v. Heidenthal* (9TH Cir.

7  1987) 826 F.2d 915, 917; *Nishimatsu Construction Co., Ltd. v. Houston Nat'l Bank* (5th Cir.

8  1975) 515 F.2d 1200, 1206.)

9      In the present case, B & B failed to timely respond to the complaint served on February

10  8, 2008.  By virtue of its default, B & B has admitted all the material allegations of the

11  complaint.  All SANDELMAN needs prove is the amount of her damages.

12      **3.  PLAINTIFF HAS PROVEN HER CLAIM FOR BREACH OF PROMISSORY NOTE**

13

14      Federal Courts in diversity cases apply state rules governing interpretation of contracts.

15  (See *State of New York v. Blank* 27 F3d 783, 788 (2nd Cir. 1994)).  In order for Plaintiff to

16  prevail on her claim for breach of contract, she must establish that: (1) a contract was entered

17  into; (2) Plaintiff's performance or excuse for nonperformance; (3) Defendant's breach of the

18  Agreement; and, (4) damage to Plaintiff as a result of the breach of contract. (See 4 Witkin, Cal.

19  Procedure (4th ed., 1997), Plead, § 476, p. 570.)

20      The Complaint alleges, and the declaration of Lee Cherney establishes, each element of

21  the claim for breach of contract, as follows:

22      1.  <u>A contract was entered into</u>: On June 30, 2000,  B & B executed the NOTE,

23  wherein B & B agreed it would be liable for repayment of the full amount upon maturity on

24  September 1, 2007.  (Complaint, ¶ 7; Exhibit "A"; Cherney Dec., ¶ 6.)

25      2.  <u>SANDELMAN's performance</u>: On or about September 1, 2005, APRIA assigned

26  all rights to SANDELMAN who appropriately notified B & B of the assignment and made

27  proper written demand that payment was due no later than November 5, 2007.  (Complaint, ¶¶

28  10, 14; Cherney Dec., ¶¶ 11; 13; Exhibits "D," "E," and "F" to Cherney Dec.)

1  3. <u>B & B breached the promissory note</u>: B & B failed to make the final payment due on September 1, 2007.  (Complaint, ¶ 13; Cherney Dec., ¶ 12.)

4. <u>Damages</u>: SANDELMAN has been damaged in the sum of $275,986.81, exclusive of interest for monies due under the NOTE.  (Complaint, ¶ 15; Cherney Dec., ¶ 14; Exhibit "G" to Cherney Dec.)

By virtue of the above, SANDELMAN submits that she has established a claim for breach of the NOTE and that judgment in the sum of $275,986.81, plus interest, costs and attorney's fees should be entered.

**4.    IN ADDITION TO THE PRINCIPAL SET FORTH ABOVE, PLAINTIFF IS ENTITLED TO INTEREST, COSTS, AND ATTORNEYS' FEES**

**A.    Costs:**

Section C of the NOTE, (Horowitt Dec., Ex. A) expressly entitles Plaintiff to recover its Costs.  To date, Plaintiff has incurred the following costs in bringing this action:

|   |   |   |
|---|---|---|
| a. | Filing Fee | $350.00 |
| b. | Service of process | <u>$181.87</u> |
|   | **Total Costs:** | **$531.87** |

(See Horowitt Dec., ¶ 14.)

**B.    Attorneys' fees:**

In addition to the above, Plaintiff is entitled to attorneys' fees pursuant to the all the relevant documents (NOTE, SUBORDINATED DEED OF TRUST, LEASEHOLD DEED OF TRUST). More specifically,  Section C of the NOTE specifically states:  "Borrower shall reimburse Lender for all costs and expenses, including without limitation, *reasonable attorney's fees* and disbursements."  (Emphasis added.)

Similarly,  Paragraph 3.13 The LEASEHOLD DEED OF TRUST states: "Trustor shall pay, on demand, to the maximum allowable under applicable law all costs, fees, expenses, advances, charges. . . and *expenses of attorneys*." (Emphasis added.)

Paragraph 4.7 of the SUBORDINATED DEED OF TRUST also states: "Trustor shall pay on demand to the maximum allowable under applicable law, all costs, fees, expenses,

1  advances . . . *expenses of attorneys*." (Emphasis added.)

2  To date, Plaintiff's counsel spent 146.55 hours to complete all the documents related to
3  this matter. (See Exhibit "H" to Horowitt Dec.)

4  **C.    Interest:**

5  The NOTE has a provision for interest at the rate of twelve percent (12 %) per annum.
6  SANDELMAN now seeks judgment of the principal amount of $275,986.81; interest at the rate
7  of 12% per annum from September 2, 2007 through May 15, 2008 (267 days), in the amount of
8  $24,226.35, and interest at the daily rate of $90.74 each day after May 15, 2008, until the entry
9  of judgment. (See Exhibit "A" to Complaint and Cherney Dec.; see also Exhibit "G" to Cherney
10 Dec.)

11 **5.    PLAINTIFF HAS PROVEN HER CLAIM FOR MONEY LENT**

12 When dealing with money lent, the law of the state in which the money is to be repaid
13 governs. (*Shannon-Vail 5, Inc. v. Bunch* (9th Cir. 2001) 270 F.3d 1207.) In order to prove a
14 claim for money lent, Plaintiff must show (1) a statement of indebtedness in a certain sum; (2)
15 consideration; and (3) nonpayment.

16 The Complaint alleges, and the declaration of Lee Cherney, establishes each of the
17 elements as follows:

18 1.    <u>Statement of Indebtedness</u>: On June 30, 2000, the NOTE was signed indicating
19 the amount in which Defendant was indebted to Plaintiff.

20 2.    <u>Consideration</u>: B & B Management received $690,000 and agreed to repay the
21 full amount, with interest and principal on the date of maturity, September 1, 2007.

22 3.    <u>Nonpayment</u>: In accordance with the terms of the NOTE, payment was due by
23 September 1, 2007. To date $275,980.81 is still outstanding and due.

24 By virtue of the above, Plaintiff submits that she has established her claim for common
25 counts and that Judgment in the sum of $275,986.81, plus interest, costs, and attorney's fees
26 should be entered.

27 ///
28 ///

7

### 6. PLAINTIFF HAS PROVEN HER CLAIM FOR FORECLOSURE OF THE SUBORDINATED DEED OF TRUST

Ordinarily, parties to a contract may agree as to the law which will govern their transaction; choice of law provisions are recognized as valid and will generally be enforced by courts. (*General Elec. Co. v. Deutz Ag*. (3rd Cir. 2001) 270 F.3d 144; *MRO Communications, Inc. v. American Tel. & Tel. Co.* (9th Cir. 1999) 197 F.3d 12 76.)  Paragraph 11 of the SUBORDINATED DEED OF TRUST sets the governing law as the laws of the State of California.   In accordance with well-established California law, the beneficiary trustee or successor in interest to a deed of trust has the right to bring a foreclosure action based on the written instrument.  (4 Witkin, Summary of Cal. Law (10th ed. 2005) Transactions in Real Property, § 137, p.937; *Investcal Realty Corp. v. Edgar H. Mueller Const. Co.* (1966) 247 Cal.App.2d 190; Code Civ. Proc., § 725a.)

The SUBORDINATED DEED OF TRUST was executed on June 30, 2000.  The original parties to this deed of trust were B & B and APRIA.  On June 7, 2005, Apria assigned all of its rights under the SUBORDINATED DEED OF TRUST to Plaintiff who thereafter became the beneficiary, thereby replacing APRIA. Paragraph 5.3 of the SUBORDINATED DEED OF TRUST allows for foreclosure in the event of default. B & B has breached the terms of the NOTE and DEED OF TRUST as indicated above.  Plaintiff is thus entitled to foreclose upon the DEED OF TRUST and has therefore proven her claim for this cause of action.  (*Farmers Ins. Exchange v. Zemin* (1997) 53 Cal.App.4th 445; 4 Witkin, Cal. Procedure (3d ed. 1985) Pleading, § 504, p. 543.)

### 7. PLAINTIFF HAS PROVEN HER CLAIM FOR CLAIM AND DELIVERY OF THE LEASEHOLD DEED OF TRUST

Ordinarily, parties to a contract may agree as to the law which will govern their transaction; choice of law provisions are recognized as valid and will generally be enforced by courts. (*General Elec. Co. v. Deutz Ag*. (3rd Cir. 2001) 270 F.3d 144; *MRO Communications, Inc. v. American Tel. & Tel. Co.* (9th Cir. 1999) 197 F.3d 12 76.)

Paragraph 6.13 of the LEASEHOLD DEED OF TRUST sets the governing law as the

1  law of the State of California. (Cherney Dec., Ex. B.)  In California, Claim and Delivery is a

2  remedy by which a party with a superior right to a specific item of personal property, most

3  commonly created by a contractual lien, may recover possession of that specific property before

4  judgment.  (See *Waffer Intermapt Corp. v. Khorsandi* (1999) 69 Cal.App.1st 1261.)

5      In accordance with the terms of the LEASEHOLD DEED OF TRUST, B & B agreed to

6  an indebtedness of $690,000 together with interest.  (Cherney Dec., Ex. "B" (Art. 2).)  Upon

7  default, namely if B & B failed to pay the amount due under the LEASEHOLD DEED OF

8  TRUST, Plaintiff would be entitled to collect the items contained within the LEASEHOLD

9  DEED OF TRUST.  These items include, but are not limited to: (a) all fixtures; (b) all rights-of-

10  way, easements, licenses, profits, tenements; (c) all existing and future rights in title; (d) all

11  existing and future rights in oil, gas and mineral rights; (e) all existing and future subclasses

12  relating to the land; (f) all options to purchase the land; and (g) all existing and future rights in

13  the state's easements, licenses, interest, right, title, homestead or other claims or demand in the

14  land and improvements.

15      Because Defendant has failed to abide by the terms of the LEASEHOLD DEED OF

16  TRUST and has breached the NOTE, Plaintiff is entitled to the fixtures and items as stated

17  above.  Defendant currently retains possession of the property to this moment along with the

18  fixtures, rights-of-way, and existing and future rights of Plaintiff.  Defendant is in wrongful

19  possession of the property and it must be delivered back to Plaintiff.  In light of the above,

20  Plaintiff has proven this cause of action and established that she was the owner of the property

21  and is entitled to possession by virtue of the NOTE and LEASEHOLD DEED OF TRUST.

22  **CONCLUSION**

23      Plaintiff SANDELMAN respectfully requests that judgment be entered against Defendant

24  B & B in the principal amount of $275,986.81; interest at the rate of 12% per annum from

25  September 1, 2007 through May 15, 2008, in the amount of $24,226.35, and interest at a daily

26  rate of $90.74 per day thereafter; costs in the amount of $531.87; and attorney's fees in the

27  ///

28  ///

1 | amount of $33,621.75, for a total judgment of $334,366.78.

                                            Respectfully submitted,

Dated: June 3, 2008              COLEMAN & HOROWITT, LLP

                                        By: */s/* Darryl J. Horowitt
                                              DARRYL J. HOROWITT
                                              Attorneys for Plaintiff,
                                              SUSAN SANDELMAN, AS TRUSTEE OF THE ESAN TRUST