DARRYL J. HOROWITT #100898
CHRISTINE J. LEVIN #192181
COLEMAN & HOROWITT, LLP
Attorneys at Law
499 West Shaw, Suite 116
Fresno, California 93704
Telephone: (559) 248-4820
Facsimile: (559) 248-4830

Attorneys for Plaintiff,
SUSAN SANDELMAN, AS TRUSTEE
OF THE ESAN TRUST

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SUSAN SANDELMAN, AS TRUSTEE OF THE ESAN TRUST,<br><br>Plaintiff,<br><br>v.<br><br>B&B PROPERTY MANAGEMENT, LLC, dba BELLACH'S LEATHER FOR LIVING,<br><br>Defendant. | NO.   C08 00681 HRL<br><br>**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT B&B MANAGEMENT GROUP'S MOTION TO SET ASIDE DEFAULT**<br><br>**[Filed concurrently with Declaration of Darryl J. Horowitt and Request to Take Judicial Notice]**<br><br>Date:       June 24, 2008<br>Time:       10:00 a.m.<br>Courtroom:  2<br>Judge:      Hon. Howard R. Lloyd |

Plaintiff, SUSAN SANDELMAN, as Trustee of the Esan Trust ("SANDELMAN" or "Plaintiff"), submits the following memorandum of points and authorities in opposition to Defendant B&B MANAGEMENT GROUP, LLC's ("B&B" or "Defendant") motion to set aside default.

**INTRODUCTION**

In its moving papers, Defendant alleges it is entitled to set aside default on account of excusable neglect. Although various references to the definition of excusable neglect are made,

1  no actual showing that any sort of excusable neglect occurred is made.  To the contrary,

2  Defendant makes clear that it was on notice of the complaint, was discussing it with opposing

3  counsel, yet failed to timely respond.  Because Defendant was on notice, yet failed to respond

4  within the required time period, Plaintiff respectfully requests this Court to deny Defendant's

5  motion to set aside default.

## DISCUSSION

### 1. DEFENDANT'S MOTION IS UNTIMELY AND SHOULD THUS BE DISREGARDED IN ITS ENTIRETY

In accordance with Northern District Civil Local Rules, a Motion, "must be filed, served and noticed in writing on the motion calendar of the assigned Judge for hearing not less than 35 days after service of the motion." (Local Rule, Rule 7-2 (a).)  In the present action, Defendant filed and served its moving papers on May 29, 2007, for a hearing on June 24, 2008.  In actuality, a total of 26 days of notice was provided, 9 days short of complying with notice requirements.  In its moving papers, Defendant contends that the reason for its untimely filing of its moving papers is related to an Ex parte Application hearing which was denied on May 20, 2008.  (Moving papers, Page 4.)

Although it may be true that Defendant was betting all its chips on the Ex parte Application hearing, it is unclear what, if any, bearing that has on the responsibility to comply with local rules.  The fact that Defendant's Ex Parte Application was denied is entirely irrelevant to the rule requiring a 35-day notice when filing moving papers.  Moreover, no actual reason has been given as to why this rule was not complied with nor any law or rule excusing it has been cited.

Defendant failed to timely file and serve its moving papers and thus this Court should deny Defendant's motion to set aside default.

### 2. DEFAULT IS APPROPRIATE AGAINST DEFENDANT SINCE IT FAILS TO MEET THE REQUIREMENTS OF THE THREE-PRONG TEST TO SET ASIDE DEFAULT

**A.  Defendant has no meritorious defense.**

Courts have held that in determining whether to set aside default, the moving party must

1  show that is has a meritorious defense. (*Pena v. Seguro La Comercial, S.A.* (9th Cir. 1985) 770

2  F.2d 811, 814; *Meadows v. Dominican Republic* (9th Cir. 1987) 817 F.2d 517, 521).  Here,

3  Defendant has not done so nor can Defendant do so.

4      In this action, the complaint alleges that Defendant executed a promissory note that was

5  due and payable in full on September 1, 2007, and Defendant failed to pay off the note when

6  due. Defendant does not deny signing the agreement nor can it.  It similarly does not contend it

7  has a defense, nor can it, since it signed the note, it is due and owing, and payment was not

8  made.

9      Because Defendant fails to demonstrate that it has a meritorious (or any) defense to the

10  action, the motion should be denied.

11  **B.     If The Motion To set Aside Default is granted, Plaintiff will be prejudiced.**

12      When considering to set aside defaults, Courts consider whether a Plaintiff will be

13  prejudiced.  (See *Pena v. Seguro La Comercial, S.A., supra,* 770 F.2d at 814; *Meadows v.*

14  *Dominican Republic, supra,* 817 F.2d at 521.)  Plaintiff submits that if the default is set aside, it

15  will be substantially prejudiced.

16      This action involves a breach of promissory note dating back to September 1, 2007.  (See

17  Exhibit "A" to Complaint.)  A total amount of $275,986.81 excluding, costs, interests and

18  attorney's fees have been owing since 2007. (See Complaint, ¶ 15.)  Plaintiff submits that

19  requiring Plaintiff to wait for judgment where there is no defense merely delays the inevitable

20  and allows the Defendant to further dissipate whatever limited assets it possesses, making it even

21  more difficult to obtain payment.  That the note is secured by the leasehold is of little help to

22  Plaintiff since the current subtenant, Bellach's Leather for Living, is currently in bankruptcy.[1]

23  Plaintiff is thus prevented from taking action to reclaim the property.

24      There is no reason why Defendant should be allowed to continue on its course of

25  stretching unnecessary litigation in a case where no defense exists.  Doing so would only

---

[1] Though Bellach's Leather for Living was originally named a defendant, it was in error.  Plaintiff believed that B&B was the parent of Bellach's but when Bellach's filed for bankruptcy as a corporation, Plaintiff realized that Bellach's was not a proper party and will dismiss the corporation from this action.

3

1  prejudice Plaintiff.

2  **C.   Default was entered on Account of Defendant's own culpable conduct and not Excusable Neglect.**

3

4   FRCP Rule 60 requires a moving party to show that the default was entered as a result of

5  mistake, inadvertence, surprise, excusable neglect, fraud or other reasons that justify relief.  (See

6  FRCP Rule 60(b)(1) and (3).)   In an attempt to meet this burden, Defendant contends that the

7  default was entered as a result of excusable neglect.  The facts, however, show otherwise.

8   In analyzing whether a party's own culpable conduct caused the default to be entered,

9  courts have looked into whether the defendant had actual or constructive notice. (See *Pena v.*

10 *Seguro La Comercial, S.A., supra,* 770 F.2d at 815; *Meadows v. Dominican Republic, supra,* 817

11 F.2d at 521.)  More specifically, the *Meadows* court stated, "A defendant's conduct is culpable if

12 he has received actual or constructive notice of the filing of the action and failed to answer."

13 (*Meadows, supra,* at 521.)

14  The events that preceded the entry of default are:

| Date | Event |
|---|---|
| February 8, 2008 | Plaintiff serves complaint on B&B |
| ***February 20, 2008*** | ***Defendant's answer due. No answer filed.*** |
| March 12, 2008 | Bellach's Leather for Living, a corporation controlled by the same principals as B&B[2], files an ex parte application for injunctive relief to prevent Plaintiff from entering the default of B&B.[3] |
| April 3, 2008 | Defendant's counsel speaks with Plaintiff's counsel regarding involvement and intent to seek mediation and arbitration; Plaintiff's counsel advises defense counsel any such request will be objected to as there is no defense to the action. |

---

[2]   Please see Statement of Financial Affairs to Bellach's bankruptcy Petition listing Jerome and Catherine Bellach as shareholders of Bellach.  The Petition is attached as Exhibit "A" to the accompanying Request to Take Judicial Notice.

[3]   See Exhibit "B" to Request to Take Judicial Notice.

4

| April 4, 2008 | Bankruptcy court lifts order preventing Plaintiff from entering default; Plaintiff files Request for Default which is entered by the court. |
|---|---|

Defendant attempts to blame Plaintiff's counsel, claiming that counsel somehow misled it by not letting Defendant file a motion to compel arbitration. First, as is set forth in the accompanying declaration of Darryl J. Horowitt, this is simply false. Plaintiff never agreed to hold off on filing a request for default to allow Defendant to file a response. (See Horowitt Dec., ¶¶ 8, 12.) To the contrary, defense counsel knew that Plaintiff was precluded by order of the bankruptcy court to file any request for default and that such a request would be made once the injunction was lifted. (Horowitt Dec., ¶ 7.)

More importantly, Defendant fails to explain why it did not file the response long before it was due. This is not a situation in which Plaintiff rushed to the courthouse to enter the default. To the contrary, the complaint was served on February 8, 2008. A response was due by February 28, 2008. Defendant then waited until April 4, 2008, to attempt to file a response; well *over one month* from the date the answer was due and *nearly two months* after defendant was served. How is that inexcusable neglect? There is certainly no explanation from Defendant as to what precluded it from answering sooner. Instead, Defendant attempts to blame Plaintiff's counsel for beating Defendant to the courthouse.

Plaintiff submits that under the circumstances, the delay in filing the answer is inexcusable. Certainly, no surprise occurred. Defendant instead sat on his rights and failed to file when it should have.

That Defendant's name was incorrectly referenced to in the caption does not provide any refuge from Defendant's failure to timely respond. After all, courts have long held that even where a caption fails to name all Defendants, but does identify the Defendant properly in the body of the complaint, Defendants are considered to be on notice and the complaint is not defective. (See *Yesata v. Baima*, (9th Cir. 1988) 837 F2d. 380; *Hoffman v. Halden* (9th Cir. 1959) 268 F2d. 280.)

1    Here, there can be no doubt that Defendant received actual notice of the suit. First, it sought to enjoin Plaintiff from even filing a request for entry of default in the Bellach's bankruptcy. Had Defendant not known of the fact that its answer was due, there would be no need for any injunctive relief in the Bellach's bankruptcy.

In addition, Defendant's moving papers confirm that it received the complaint, considered it and was discussing it freely with opposing counsel. (See Opposition at pp. 2 and 3.) Clearly it knew that it was being sued and of its responsibility to respond. The mere fact that a clerical error was made in the caption does not change the facts and circumstances, nor does it cause the entrance of default to be defective or in any way invalid. Defendant is merely using the clerical error in a last effort to save its ailing case.

Based on the above, Plaintiff submits that Defendant has failed to show any grounds for relief from default.

**3.    PLAINTIFF DID NOT ACT IN AN UNETHICAL FASHION BY FILING ITS REQUEST WHEN IT DID; DEFENSE COUNSEL KNEW IT WOULD BE FILED AS SOON AS POSSIBLE**

Defense counsel contends he was somehow surprised by Plaintiff's filing the request for entry of default soon after the bankruptcy court dissolved its TRO. Plaintiff is at a loss as to why such an accusation was made. After all, defense counsel knew from the very first conversation with Plaintiff's counsel that the default would be filed as soon as possible after the TRO was dissolved. (See Horowitt Dec., ¶¶ 8, 12.) It is simply unfair to characterize the actions of counsel in preserving the rights of their client to obtain a default judgment in an action in which there is no defense[4] as unethical, especially where Defendant inexplicably waited over 30 days to even start to file a response. Plaintiff acted properly. The motion should be denied.

**CONCLUSION**

Based upon the foregoing, Plaintiff respectfully requests that this court deny Defendant's

///

---

[4]   Plaintiff submits that the fact Defendant intended to file a petition to stay litigation based on an ADR clause in the note, which Defendant has failed to show it complied with (it requires Defendant to initiate and pay for any mediation or arbitration), is not a defense. No defense was provided to this court.

1  Motion to Set Aside Default.

2  Dated: June 3, 2008  COLEMAN & HOROWITT, LLP

4  By: __/s/ Darryl J. Horowitt_____
       DARRYL J. HOROWITT
5      Attorneys for Plaintiff