1  DARRYL J. HOROWITT  #100898
   DANIA M. ALVARENGA #244486
2  COLEMAN & HOROWITT, LLP
   Attorneys at Law
3  499 West Shaw, Suite 116
   Fresno, California 93704
4  Telephone: (559) 248-4820
   Facsimile: (559) 248-4830

Attorneys for Plaintiff,
SUSAN SANDELMAN, AS TRUSTEE
OF THE ESAN TRUST

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SUSAN SANDELMAN, AS TRUSTEE OF THE ESAN TRUST,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>B&B PROPERTY MANAGEMENT, LLC, dba BELLACH'S LEATHER FOR LIVING,<br><br>　　　　　　Defendant. | NO.　C 08 00681 HRL<br><br>**DECLARATION OF DARRYL J. HOROWITT IN OPPOSITION TO DEFENDANT'S MOTION TO SET ASIDE DEFAULT**<br><br>**[Filed concurrently with Memorandum of Points and Authorities and Request To Take Judicial Notice]**<br><br>Date:　June 24, 2008<br>Time:　10:00 a.m.<br>Dept:　Courtroom 2, 5th Floor |

　　　　I, Darryl J. Horowitt, do hereby declare as follows:

　　　　1.　　I am a lawyer duly licensed to practice before the United States District Court, Northern District of California, and all of the courts of the State of California.  I am a partner in the law firm of Coleman & Horowitt, LLP, attorneys of record for Plaintiff herein.

　　　　2.　　I have personal knowledge of the facts contained herein and if called upon as a witness, would testify competently thereto.

　　　　3.　　This declaration is filed in opposition to the Motion to Set Aside Default filed by Defendant.

　　　　4.　　On or about April 3, 2008, I received a call from Mikel D. Bryan.

1

F:\CLIENTS\1061-KinProperties\06B&B\Pldg\Lawsuit\HorowittDec.wpd
6/3/08 ~ 5:39 pm

C-08-00681-HRL
DEC. OF DARRYL J. HOROWITT

5. Mr. Bryan told me that though he had not yet been formally retained, he was in the process of being retained to represent B&B Management Group, LLC, the Defendant in this matter. He explained that he would be meeting with his client later that day and, based on the information he had at that time, it appeared that the agreement had a mediation and arbitration provision that his client may wish to utilize.

6. I responded to Mr. Bryan by stating that if he reviewed the facts, it was clear that his client had no defense to the lawsuit. I thus could not see any benefit to either mediation or arbitration.

7. Mr. Bryan told me that he had spoken with bankruptcy counsel for Bellach's Leather for Living, David Chandler, who informed him that an injunction was issued by the bankruptcy court to prevent our client from entering a default judgment. I explained that a hearing was to be held on April 4, 2008, in which we believed the court may dissolve the previously issued TRO and that at that time, we intended to proceed with a default.

8. At no time during our conversation with Mr. Bryan did he ask for, nor did I agree to provide him with, an extension of time to file an answer or other responsive pleading. To the contrary, I made it clear that if presented with the opportunity to do so, we would apply for a default judgment as soon as possible.

9. At no time after the bankruptcy court dissolved the injunction or prior to our office filing the request for entry of default did Mr. Bryan contact me either by phone or e-mail to ask that our client hold off on filing the request for entry of default that I made clear we would file.

10. Mr. Bryan states in paragraph 4 of his declaration that he contacted me on April 4, 2008, to advise me that he would be filing a motion to stay the proceedings. I do not recall speaking with him that day as I was in the Fresno County Superior Court in the action entitled *Hall v. Sewall*, in a trial confirmation and settlement conference from 8:30 a.m. until well into the afternoon. He may have left a voice mail, but I had previously made it clear to him that we would file a request for entry of default as soon as possible. He thus knew, or should have known, that we would have to proceed to protect our client's interest by filing the request.

1    11.    Mr. Bryan never explained why his client waited well over 30 days to file a responsive pleading or why we should hold off on filing the request for entry of default, other than his client wanted to file a petition to stay litigation.

12.    Mr. Bryan states in paragraph 6 of his declaration that I failed to notify him of my client's intent to file a request for entry of default.  That is not true.  I told hm when he first contacted me on or about April 3, 2008, that I would do so at the first opportunity.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June 3, 2008, at Fresno, California..


/s/DarrylJ. Horowitt
DARRYL J. HOROWITT