DARRYL J. HOROWITT #100898
CHRISTINE J. LEVIN #192181
COLEMAN & HOROWITT, LLP
Attorneys at Law
499 West Shaw, Suite 116
Fresno, California 93704
Telephone: (559) 248-4820
Facsimile: (559) 248-4830

Attorneys for Plaintiff,
SUSAN SANDELMAN, AS TRUSTEE
OF THE ESAN TRUST

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SUSAN SANDELMAN, AS TRUSTEE OF THE ESAN TRUST,<br><br>  Plaintiff,<br><br>v.<br><br>B&B PROPERTY MANAGEMENT, LLC, dba BELLACH'S LEATHER FOR LIVING,<br><br>  Defendant. | NO.  C08 00681 HRL<br><br>**PLAINTIFF'S SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT B&B MANAGEMENT GROUP'S MOTION TO SET ASIDE DEFAULT**<br><br>[Filed concurrently with Declaration of Bonnie J. Anderson and Proposed Order]<br><br>Date:     July 8, 2008<br>Time:     10:00 a.m.<br>Courtroom: 2<br>Judge:    Hon. Howard R. Lloyd |

Plaintiff, SUSAN SANDELMAN, as Trustee of the Esan Trust ("SANDELMAN" or "Plaintiff"), submits the following memorandum of points and authorities in opposition to Defendant B&B MANAGEMENT GROUP, LLC's ("B&B" or "Defendant") motion to set aside default.

**INTRODUCTION**

In its original opposition, Plaintiff explained why Defendant's motion should be denied. Circumstances have, however, changed. As a result, Plaintiff files this supplemental memorandum of points and authorities to supplement its original moving papers and clarify

1

certain issues for the court that were not discussed previously due to the short period of time Plaintiff had to submit its opposition.[1] The original opposition and this supplemental opposition make clear that Defendant's motion should be denied.

## DISCUSSION

### 1. DEFENDANT'S MOTION IS TIMELY; THE COURT MAY DISREGARD POINT 1 OF THE PRIOR OPPOSITION

In the original opposition, Plaintiff contended that the defendant's motion to set aside the default should be denied because it was untimely. The court has continued the hearing from its original date of June 24, 2008, to July 8, 2008. As a result, the motion is timely and Plaintiff withdraws the argument set forth in Point 1 of its original opposition.

### 2. DEFAULT IS APPROPRIATE AS DEFENDANT WAS AWARE OF THE REQUIREMENT TO FILE AN ANSWER WELL BEFORE PLAINTIFF FILED ITS APPLICATION

In the original opposition, Plaintiff provided the following timeline of events:

| Date | Event |
| --- | --- |
| February 8, 2008 | Plaintiff serves complaint on B&B |
| ***February 28, 2008[2]*** | ***Defendant's answer due. No answer filed.*** |
| March 12, 2008 | Bellach's Leather for Living, a corporation controlled by the same principals as B&B, files an ex parte application for injunctive relief to prevent Plaintiff from entering the default of B&B. |
| April 3, 2008 | Defendant's counsel speaks with Plaintiff's counsel regarding involvement and intent to seek mediation and arbitration; Plaintiff's counsel advises defense counsel any such request will be objected to as there is no defense to the action. |

---

[1] Based on the original hearing date of June 24, 2008, and based on the date Defendant filed its motion, Plaintiff had less than three business days to file an opposition and thus did not include all arguments that could have been included.

[2] This date was incorrect in the original opposition. It is corrected here.

| Date | Event |
| --- | --- |
| April 4, 2008 | Bankruptcy court lifts order preventing Plaintiff from entering default; Plaintiff files Request for Default which is entered by the court. |

Not made clear in the original opposition was the fact that in prior bankruptcy hearings related to the bankruptcy of Bellach's Leather for Living, Inc. ("Bellach's"), counsel for Bellach's informed the court that injunctive relief was necessary to give B&B time to secure counsel and file a response to the complaint in this action. (See accompanying declaration of Bonnie J. Anderson ["Anderson Dec."], ¶¶ 7, 9.)

Based on such statements to the court, Defendant's contention that the default was entered as a result of excusable mistake and neglect because Plaintiff's counsel "pulled a fast one" and entered the default without notice to counsel, is false at worst and misleading at best. B&B knew *as early as March 12, 2008*, that B&B needed to file an answer in this action in March, but waited inexplicably until April 4 to try to file a response. In fact, Defendant's bankruptcy counsel stated on March 21, 2008, that counsel would be hird for B&B. (See Anderson Dec., ¶ 7.) Despite this knowledge, a review of the declaration of Mikel D. Bryan indicates that even though B&B knew by March 12, 2008, that it had to retain counsel in this matter, it waited until April 3, 2008, or thereabouts, to do so.

Plaintiff thus submits that Defendant has failed to prove that it acted timely to prevent the entry of default. Rather, Plaintiff has proven that Defendant sat on its rights and the default was properly entered; it was not entered as a result of any mistake, surprise or excusable neglect. Simply stated, Defendant has failed to show good cause for the granting of this motion. The motion should thus be denied.

## CONCLUSION

Based upon the foregoing, Plaintiff respectfully requests that this court deny Defendant's

///

///

3

1 | Motion to Set Aside Default.

2 | Dated: June 17, 2008                    COLEMAN & HOROWITT, LLP

                                            By: ____/s/ Darryl J. Horowitt_____
                                                DARRYL J. HOROWITT
                                                Attorneys for Plaintiff