DARRYL J. HOROWITT #100898
DANIA M. ALVARENGA #244486
COLEMAN & HOROWITT, LLP
Attorneys at Law
499 West Shaw, Suite 116
Fresno, California 93704
Telephone: (559) 248-4820
Facsimile: (559) 248-4830

Attorneys for Plaintiff,
SUSAN SANDELMAN, AS TRUSTEE
OF THE ESAN TRUST

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| SUSAN SANDELMAN, AS TRUSTEE OF THE ESAN TRUST, | NO.   C 08 00681 HRL |
|---|---|
| Plaintiff, | **DECLARATION OF BONNIE J. ANDERSON IN OPPOSITION TO MOTION TO SET ASIDE DEFAULT** |
| v. | |
| B&B PROPERTY MANAGEMENT, LLC, dba BELLACH'S LEATHER FOR LIVING, | [Filed concurrently with Supplemental Memorandum of Points and Authorities and Proposed Order] |
| Defendant. | Date:  July 8, 2008<br>Time: 10:00 a.m.<br>Dept:  Courtroom 2, 5th Floor |

I, Bonnie J. Anderson, do hereby declare as follows:

1. I am an attorney at law duly licensed before all the courts in the State of California and the United States District Court for the Northern District of California. I am an associate attorney with the law offices of Coleman & Horowitt, LLP, attorneys of record for Plaintiff herein and defendant in the adversarial complaint filed by Bellach's Leather for Living, Inc. in the bankruptcy entitled *"Bellach's Leather for Living, Inc. v. Susan Sandelman, as Trustee of the Esan Trust,"* docketed as United States Bankruptcy Court Case No. 08-10362, adversarial complaint No. A.P.N. 08-1031 (hereinafter "THE BK ACTION").

2. This declaration is filed in opposition to Defendant's motion to set aside default.

3. I have personal knowledge of the facts contained herein and if called upon as a witness, would testify competently thereto.

4. On March 12, 2008, I attended by telephone the hearing in THE BK ACTION in which Bellach's filed its OSC re preliminary injunctions and temporary restraining order. The OSC was issued and a hearing was scheduled for March 21, 2008.

5. On March 21, 2008, I attended the hearing on the OSC by telephone.

6. David Chandler appeared at the hearing on behalf of Bellach's and argued to the court that a temporary restraining order was necessary in order to prevent Plaintiff herein (Susan Sandelman, as Trustee of the Esan Trust) from entering a default against B&B and foreclosing on the collateral.

7. Mr. Chandler also represented to the court that B&B intended to hire an attorney to file a response in the above-captioned matter or to file a bankruptcy. Mr. Chandler further represented that there was an issue as to whether Plaintiff herein was required to arbitrate its dispute with B&B prior to litigation.

8. As a result of Mr. Chandler's arguments, the court continued the hearing once again, until April 4, 2008, and in ruling that the temporary restraining order would remain in effect until the April 4, 2008 hearing, the court stated that its ruling was not to be construed as a granting of additional time to B&B to answer the complaint in this district court action.

9. On April 4, 2008, I attended the hearing on the OSC. At that time, Mr. Chandler again argued that a preliminary injunction was necessary in order to prevent Plaintiff herein (Susan Sandelman, as Trustee of the Esan Trust) from entering a default against B&B and foreclosing on the collateral, and also told the court that B&B was filing a petition to compel arbitration and stay litigation.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June 17, 2008, at Fresno, California.

BONNIE J. ANDERSON